UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREAMTEAM DEVELOPMENT, LLC;<br>JASON C. SHEPPARD,<br><br>                     Plaintiffs,<br><br>      -against-<br><br>FENIX CAPITAL FUNDING, LLC,<br><br>                 Defendant. | 25-CV-9226 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jason C. Sheppard filed this complaint on his own behalf and on behalf of DreamTeam Development, LLC ("DreamTeam"). (ECF 1 at 1.) Plaintiff states that he is the "managing member" of DreamTeam. (*Id.* at 2.) He brings this *pro se* action under the Court's federal question jurisdiction and diversity jurisdiction against Fenix Capital Funding, LLC. Since filing the complaint, Plaintiff has moved to "supplement" the complaint, and for permission for electronic case filing. (ECF 4, 5.) For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2); *see also Intuition Consol. Grp., Inc. v. Dick Davis Publ'g Co.*, No. 03-CV-5063 (PKC), 2004 WL 594651, at *4 (S.D.N.Y. Mar. 25, 2004) (applying Section 1391 in the context of a limited liability company).

The complaint provides Pennsylvania addresses for Plaintiff and DreamTeam, and a Brooklyn, New York, address for Defendant. (ECF 1 at 1; ECF 2 at 2.) Plaintiff alleges that Defendant harmed his business by sending out lien letters to clients, customers, and partners that falsely stated that DreamTeam was insolvent. (ECF 1 at 2.)

Nothing in the complaint suggests that any of the operative events occurred in this district or that Defendant resides in this district.[1] Venue therefore does not appear proper in this district under Section 1391(b)(1), (2). Even if the Court did assume that venue was proper in this district, because Defendant is located in Kings County, New York, which falls within the Eastern District of New York, venue is proper in the Eastern District of New York under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events likely occurred in Brooklyn, New York, where Defendant's office is located, and it is reasonable to expect that relevant documents and witnesses also would be. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. All pending motions are to be determined by the transferee court.[2] Local Civil Rule 83.1, directing the Clerk of Court to effectuate transfer seven business days from the date of this order, is waived. A summons shall not issue from this Court. This order closes this case in this court.

---

[2] Plaintiff did not pay the filings fees or seek leave to proceed without prepayment of fees by filing an application for leave to proceed *in forma pauperis* ("IFP"). The Court takes no position on whether DreamTeam may proceed *pro se* or IFP, or whether Plaintiff may appear *pro se* on its behalf.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 2, 2026
New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

4